**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin W Glass,<br><br>    Plaintiff,<br><br>v.<br><br>AsicNorth Incorporated,<br><br>    Defendant. | No. CV-18-00898-PHX-DLR<br><br>**ORDER** |

Plaintiff Kevin Glass brought this action against his former employer, Defendant ASIC North Incorporated, alleging disability discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"), and a state claim for tortious interference with business expectancy. On November 20, 2019, the Court entered summary judgment for ASIC North on all claims. (Doc. 58.) Before the Court is Mr. Glass's Motion to Amend, Modify and/or Vacate or Grant Relief from Portions of Order Granting Summary Judgment on All Claims—brought under Federal Rules of Civil Procedure 54(b), 59(e), and 60(b)(1)—which seeks relief only from the Court's disposition of the ADA claims. (Doc. 62.) For the following reasons, the motion is denied.

**I. Rule 54(b)**

Rule 54(b), which pertains to orders that adjudicate fewer than all claims or the rights and liabilities of fewer than all parties, is inapplicable because the Court granted summary judgment for ASIC North on all claims. Accordingly, to the extent Mr. Glass

seeks relief under this rule, his motion is denied.

**II. Rule 59(e)**

Under Rule 59(e), a party can move the Court to amend its judgment within 28 days of entry. The Court has considerable discretion over such motions because Rule 59(e) does not specify the grounds upon which relief may be granted. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Amending a judgment after entry, however, is "an extraordinary remedy which should be used sparingly." *Id.* (citation and quotation omitted). There are four basic grounds upon which a Rule 59(e) motion generally may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) in response to newly discovered or previously unavailable evidence; (3) to prevent a manifest injustice; and (4) if an intervening change in controlling law undermines the judgment.[1] *Id.*

Mr. Glass's motion is not based on newly discovered evidence or an intervening change in controlling law. Instead, Mr. Glass argues that the Court's summary judgment rested on errors of law or fact, the correction of which is necessary to prevent manifest injustice. Specifically, Mr. Glass argues that the Court erred in (1) not considering the new

---

[1] Mr. Glass criticizes ASIC North for "unilaterally determin[ing] that [his] [m]otion is instead a disfavored motion for reconsideration pursuant to LRCiv 7.2." (Doc. 68 at 2.) Mr. Glass's criticism is misguided. Strictly speaking, "[t]here is no motion for 'reconsideration' in the Federal Rules of Civil Procedure." *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). Functionally, however, a motion to "reconsider" a judgment and a Rule 59(e) motion to alter or amend a judgment are the same. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (referring to a Rule 59(e) motion as a "motion for reconsideration"); *Teamsters Local 617 Pension and Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 220 (D. Ariz. 2012) (interchangeably discussing standards for motions for reconsideration and Rule 59(e) motions); *Best W. Int'l, Inc. v. AV Inn Assocs. 1, LLC,* No. CV-08-2274-PHX-DGC, 2010 WL 2789895, at *1 (D. Ariz. July 14, 2010) (same). A Rule 59(e) motion and a motion to reconsider under LRCiv 7.2(g) differ in two respects: the former seeks reconsideration of a judgment and must be filed within 28 days after that judgment is entered, whereas the latter seeks reconsideration of an order and must be filed within 14 after the filing of the order at issue. *Teamsters*, 282 F.R.D. at 219-220. Mr. Glass's motion is directed to a judgment, so Rule 59(e) technically governs. And he filed his motion 14 days after the Clerk entered judgment, rendering it timely under either rule. This is all to say that, regardless of whether one calls Mr. Glass's motion a "motion to alter or amend a judgment" or a "motion to reconsider" a judgment, the same substantive standards apply. And, perhaps speaking more directly to Mr. Glass's criticism, regardless of whether one characterizes such a motion as "disfavored" or as seeking an "extraordinary remedy" that should be used "sparingly," the point is that a motion asking the Court to change its mind usually will be denied unless the movant can demonstrate one or more of the four basic grounds discussed above.

evidence submitted with his sur-reply; (2) finding that Mr. Glass failed to introduce evidence of his disability; and (3) concluding that Mr. Glass failed to show the proffered reason for his termination was pretextual.

**A. New Evidence in the Sur-Reply**

Mr. Glass contends that the Court should have considered the new evidence he submitted with his sur-reply (medical reports from Dr. Angerman) because the Court considered new evidence from ASIC North in its reply. Mr. Glass also argues that the Court erred in finding that his new evidence would be inadmissible because its late disclosure was prejudicial.

Taking these arguments in order, in summary judgment proceedings each party has one opportunity to introduce evidence. *See, e.g.*, *EEOC v. Swissport Fueling, Inc.*, 916 F. Supp. 2d 1005, 1015, 1016 (D. Ariz. 2013). New facts or evidence may not be presented in a reply in support of summary judgement. *Id.* If the moving party presents new evidence in the reply, the Court "should either not consider the new evidence, or not consider it without giving the other party the opportunity to respond." *VMAS Sols., LCC v. MMJ Labs, LLC*, No. 2:17-CV-00534 JWS, 2017 WL 1384354, at *1 (D. Ariz. Apr. 18, 2017) (citation omitted).

Rather than strike the new evidence submitted by ASIC North in its reply, the Court gave Mr. Glass the opportunity to file a sur-reply addressing this new evidence. (Doc. 53.) ASIC North attached 10 exhibits to its reply, including excerpts from depositions of ASIC North personnel and Mr. Glass, copies of Mr. Glass's response to mandatory initial disclosures, a copy of the ASIC North Employee Handbook, and copies of court opinions from Mr. Glass's other known claims of disability discrimination. ASIC did not use these exhibits to challenge the existence of any of Mr. Glass's alleged disabilities. Instead of responding to this new evidence, Mr. Glass attempted to introduce new evidence supporting the existence of his carpal tunnel. As such, the evidence Mr. Glass attached to his sur-reply fell outside of the scope of what the Court authorized Mr. Glass to present, and outside the scope of a sur-reply in general. The point of the sur-reply is to give the

nonmovant the opportunity to respond to the movant's new evidence, not to introduce new evidence of her own on whatever topic she would like. The Court therefore did not err in refusing to consider new evidence that went beyond the scope of the authorized sur-reply.

On the second point, Mr. Glass "admits that he failed to disclose these Dr. Angerman reports until he filed his Sur-Reply." (Doc. 68 at 4.) The Court found in its summary judgment order that it would be inappropriate to consider Dr. Angerman's reports because the late disclosure was prejudicial. (Doc. 57 at 1 n.1.) Although Mr. Glass recites the general rule that new evidence may be considered by the Court if the late disclosure was nonetheless harmless (Doc. 68 at 5), his briefs contain no argument as to why the late disclosure of Dr. Angerman's reports is harmless. Mr. Glass therefore has not demonstrated an entitlement to Rule 59(e) relief on this basis.

**B. Evidence of a Disability**

Mr. Glass is correct that an ADA plaintiff is not required to present "comparative or medical evidence to establish a genuine issue of material fact regarding the impairment of a major life activity." *Rohr v. Salt River Project Agric. Imp. & Power Dist.*, 555 F.3d 850, 858-59 (9th Cir. 2009). Rather, a plaintiff's own testimony "may suffice to establish a genuine issue of material fact" at the summary judgment stage; however, the plaintiff's affidavit supporting the existence of a disability "must not be merely self-serving and must contain sufficient detail to convey the existence of an impairment." *Id.* An ADA plaintiff does not meet his burden to show the existence of a disability simply by showing that his impairment is "capable of qualifying as a disability" under the ADA. *See Marquez v. Glendale Union High Sch. Dist.*, No. CV-16-03351-PHX-JAT, 2018 WL 4899603, at *15 (D. Ariz. Oct. 9, 2018) (explaining that disability is determined on a "case-by-case basis . . . in terms of the impact of an impairment on 'such individual'").

In lieu of providing comparative or medical evidence, Mr. Glass could have presented a sufficiently detailed affidavit explaining that his impairments of carpal tunnel, COPD, anemia, and asthma substantially limited a major life activity. Mr. Glass failed to do so. In his declaration, Mr. Glass merely states that he informed his supervisor, "I suffer

from carpel tunnel and my arms hurt." (Doc. 46-2 at 3.) This statement is not sufficiently detailed to replace medical evidence, as it does not illuminate the nature and severity of Mr. Glass's impairment. Accordingly, Mr. Glass failed to establish a prima facie case of discrimination.

### C. Claim for Retaliation

After ASIC North presented evidence that it terminated Mr. Glass due to his poor work performance, the burden shifted to Mr. Glass to provide specific and substantial evidence that this reason was pretextual. Mr. Glass attempted to persuade the Court that ASIC North's explanation should not be believed because his work performance was not always regarded as poor by his supervisors. In his current motion, Mr. Glass reiterates that he believed his supervisors were not always displeased with his work. He highlights that he was not given an evaluation within the first ninety days of employment to discuss performance issues, and that his supervisor admitted to being impressed with his work on one occasion in May 2016. (Doc. 62 at 16.) As the Court noted in its summary judgment order, however, the employee handbook makes clear that the disciplinary process is discretionary. (Doc. 57 at 7.) Moreover, a single positive review of Mr. Glass's performance does not amount to specific and substantial evidence of pretext, especially given ASIC North's overwhelming evidence that Mr. Glass demonstrated numerous work performance issues justifying his termination on June 30, 2016. (Doc. 43-18 at 2; Doc. 57 at 6.) Finally, to the extent Mr. Glass relies on his own subjective belief that his performance was satisfactory, an employee's self-assessment of his work performance does not amount to "specific and substantial evidence showing that the employer's reasons for terminating him were false or discriminatory." *Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 660 (9th Cir. 2002).

### III. Rule 60(b)(1)

Rule 60(b)(1) permits the Court to relieve a party from a final judgment, order, or proceeding, "[o]n motion and just terms" for "mistake, inadvertence, surprise, or excusable neglect." Mr. Glass's only argument under this rule concerns the timing of his sur-reply to

the motion for summary judgment.  The Court ordered Mr. Glass to file a sur-reply by no later than November 11, 2019.  (Doc. 55.)  Mr. Glass filed his sur-reply on November 12, 2019, however, because November 11 was a federal holiday (Veterans Day).  Rule 6(a)(3) provides that if the clerk's office is inaccessible on the filing deadline, the deadline is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday.  Because Mr. Glass filed his sur-reply on the next day after the holiday, the Court was incorrect to characterize the sur-reply as untimely in the summary judgment order.  But this mischaracterization does not warrant Rule 60(b)(1) relief because the timing of Mr. Glass's sur-reply was not the reason the Court disregarded the new evidence Mr. Glass attached.  Rather, the Court disregarded that new evidence for the reasons discussed in Section II(A) of this order.  Accordingly,

**IT IS ORDERED** that Mr. Glass's Motion to Amend, Modify and/or Vacate or Grant Relief from Portions of Order Granting Summary Judgment on All Claims (Doc. 62) is **DENIED**.

Dated this 9th day of March, 2020.

Douglas L. Rayes
United States District Judge