**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin W Glass,<br><br>            Plaintiff,<br><br>v.<br><br>AsicNorth Incorporated,<br><br>            Defendant. | No. CV-18-00898-PHX-DLR<br><br>**ORDER** |

At the termination of a case brought under the Americans with Disabilities Act ("ADA"), an award of attorneys' fees to the defendant "should be permitted not routinely, not simply because [the defendant] succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless[1] or vexatious." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (citation and internal quotations omitted). Defendant moves for an award of attorneys' fees, asserting that Plaintiff's suit was merely "part of a pattern by Plaintiff of asserting ADA claims against employers and instituting litigation that is determined to be without legal basis" and noting that Plaintiff failed to submit admissible evidence that he was disabled or that the performance-based reason given for his termination was pretextual. (Doc. 59 at 3, 5.) The Court has considered the briefs (Docs. 59, 64, 67) and concludes no exceptional circumstance justifying an award of attorneys' fees to Defendant is present here.

---

[1] Meritless, in this context, is defined as "groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Christiansburg*, 434 U.S. at 421.

First, the Court is unconvinced that Plaintiff's earlier ADA suits against one prior employer, which failed on the merits, reveal a pattern of bad faith and groundless litigation.[2] Second, Plaintiff's failure to submit admissible evidence that he was disabled during the relevant period does not mean that his case was frivolous or meritless. In his surreply, Plaintiff submitted medical reports supporting the existence of carpal tunnel, but the Court did not consider the new evidence because Plaintiff had not previously disclosed it in discovery. (Doc. 57 at 1.) The Court cannot conclude that his claim was meritless or frivolous. Third, Plaintiff's inability to show that the reason for his termination was pretextual does not render his claim unreasonable, frivolous, meritless, or vexatious. Again, a defendant's success on the merits does not equate with a plaintiff's claim wholly lacking merit. Accordingly,

**IT IS ORDERED** that Defendant's motion for attorneys' fees (Doc. 59) is **DENIED**.

Dated this 15th day of April, 2020.

Douglas L. Rayes
United States District Judge

---

[2] With that said, Plaintiff now has experience bringing several ADA suits. If in the future Plaintiff decides to bring another case based on an alleged disability, he should be prepared to demonstrate that he is, in fact, disabled (something he has not done here or in his previous cases).